UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TYRAN MILLER

VERSUS

CASTULLO IGNACIO
VERDUGO, ET AL.

CIVIL ACTION

NO. 19-97-SDD-EWD

**NOTICE AND ORDER**

On January 16, 2019 plaintiff, Tyran Miller ("Plaintiff"), filed a Petition for Damages (the "Petition") against Castullo Ignacio Verdugo ("Verdugo"), Swift Transportation Co. of Arizona, LLC ("Swift") and Mohave Transportation Insurance Company ("Mohave"), for damages allegedly arising out of a January 20, 2018 automobile accident.[1] In the Petition, Plaintiff alleges that "the sudden, unexpected and violent blow of the collision caused him to received severe and painful injuries to his mind and body"[2] and seeks to recover damages for "all mental and physical pain and suffering, medical expenses, lost wages, and any and all other items of damage which may be associated herewith."[3]

On February 13, 2019, Mohave filed a Notice of Removal based on federal diversity subject matter jurisdiction, 28 U.S.C. § 1332.[4] Although Mohave adequately alleges the citizenship of the individual parties,[5] the Notice of Removal is insufficient with respect to the allegations of citizenship of Swift and Mohave. Per the Notice of Removal, Swift "is a limited liability company organized under the law of the State of Delaware with its principal place of

---

[1] R. Doc. 2, pp. 4-7.

[2] R. Doc. 2, p. 5, ¶ VI.

[3] R. Doc. 2, p. 6, ¶ VII.

[4] R. Doc. 1.

[5] Mohave alleges that Plaintiff is domiciled in Louisiana, and that defendant Verdugo is domiciled in Arizona. R. Doc. 1, ¶¶ XIII & XVI.

1

business in the State of Arizona."[6] To properly allege the citizenship of a limited liability company or other type unincorporated association, a party must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[7] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[8] With respect to Mohave, the Notice of Removal provides that Mohave "is a Captive Insurance Company incorporated in the State of Arizona and wholly owned by Swift Transportation Co. of Arizona, LLC."[9] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."[10] While the undersigned assumes that Mohave's allegation that it is "wholly owned" by Swift is meant to indicate that Mohave's principal place of business is Arizona, that is not clear from the allegation of citizenship in the current Notice of Removal.

In addition to the insufficiency of certain allegations of citizenship set forth above, the undersigned also *sua sponte* raises the issue of whether the amount in controversy requirement has been met. Plaintiff's Petition does not specify what injuries Plaintiff sustained in the accident and instead only alleges that his injuries were "severe and painful."[11] There is no allegation in the

---

[6] R. Doc. 1, ¶ XIV.

[7] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[8] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[9] R. Doc. 1, ¶ XV.

[10] *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[11] R. Doc. 2, p. 5, ¶ VI.

Petition regarding the amount in controversy, and Plaintiff only lists general categories of damages. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[12] Accordingly, the amount in controversy is not facially apparent from the Petition, and Mohave bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.[13]

In its Notice of Removal, Mohave points to Plaintiff's failure to include a jurisdictional allegation, and states that Plaintiff's medical specials to date total $10,535.82.[14] While Mohave

---

[12] *See*, *Anderson v. Swift Transportation Company of Arizona, LLC*, Civil Action No. 18-13, 2018 WL 3341822, at * 3 (M.D. La. June 4, 2018) (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, Civil Action No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, Civil Action No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. Civ. A. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[13] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)). Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[14] R. Doc. 1, ¶¶ VII & XII. Louisiana Code of Civil Procedure Article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required." With respect to article 893(A)(1), this Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy." *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007). *See also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007).

recognizes that "[s]pine injuries vary by severity," it asserts that damages for such injuries "often exceed $75,000.00"[15] and that

> Per medical records provided to date by Plaintiff's counsel, the Plaintiff continues to complain of neck and back pain with numbness and tingling in the ulnar digits of his left hand and tingling bilaterally in his feet. On March 30, 2018, MRI films were obtained of Plaintiff's cervical spine. According to the radiologist, the cervical MRI revealed: 1) multi-level disc desiccation throughout the cervical spine and straightening of the cervical lordosis, which were noted to be suspicious for soft tissue injury and possible muscle spasm; 2) disc herniation at C2-3 and C3-4; 3) disc bulges at C4-5 and C6-7; and 4) possible annular tear at C3-4 and C4-5. On March 30, 2018, MRI films were obtained of Plaintiff's lumbar spine. According to the radiologist, the lumbar MRI revealed: 1) disc desiccation at L5-S1 and straightening of the lumbar curvature consistent with a soft tissue injury and probable muscle spasm; 2) posterior annular bulge at L5-S1 with loss of disc height; and 3) facet hypertrophy bilaterally at L3-4, L4-5 and L5-S1. On April 11, 2018, Plaintiff's physician related the findings noted above in the cervical and lumbar MRI's to the subject accident that occurred on January 20, 2018.[16]

Mohave also asserts that "Plaintiff's physician suggested proceeding with cervical epidural steroid injections since he failed to respond appropriately to conservative treatment."[17] Although Mohave does cite cases wherein general damage awards for seemingly similar injuries exceeded the jurisdictional threshold,[18] this Court recently noted that "'[s]everal recent federal court decisions have held that the removing defendant did not meet its burden of providing [sic] the amount in

---

[15] R. Doc. 1, ¶ X.

[16] R. Doc. 1, ¶ XI.

[17] R. Doc. 1, ¶ XIII.

[18] *Smith v. Goetzman*, 720 So.2d 39 (La. App. 1 Cir. 1998) (affirming jury award of $50,000 for past and future physical pain and suffering and $25,000 for permanent disability where MRI showed disc bulges and protrusions and plaintiff was in need of continuing psychotherapy for depression); *Keller v. City of Plaquemine*, 700 So.2d 1285 (La. App. 1. Cir. 1997) ($125,000 general damage award where plaintiff suffered from disc compression, extrusion, and herniation but where, because of other medical problems, plaintiff was not a surgical candidate); *Hoyt v. Gray Ins. Co.*, 809 So.2d 1076 (La. App. 4 Cir 2002) (affirming award of $150,000 in general damages following bench trial).

controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal.'"[19]

Based on the information contained in the Petition and the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **Thursday, February 28, 2019**, Mohave Transportation Insurance Company shall file a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of Mohave Transportation Insurance Company and Swift Transportation Co. of Arizona, LLC.

**IT IS FURTHER ORDERED** that on or before **Monday, March 4, 2019**, Mohave Transportation Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **Monday, March 18, 2019,** Plaintiff shall file either: (1) a Notice stating that Plaintiff agrees that Defendant has established, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[20] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

---

[19] *Shelton v. Hallmark Trucking Ins. Co.*, No. 17-1683, 2018 WL 1998341, at * 4 (M.D. La. March 27, 2018) (quoting *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017)). This Court also stated that "'a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections.'" *Id*.

[20] *See*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

Signed in Baton Rouge, Louisiana, on February 21, 2019.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**